IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | |
| HAVEN CAMPUS COMMUNITIES – STARKVILLE, LLC | ) ) ) | Case No. 21-10931-SDM |
| | ) | Chapter 11 |
| Debtor. | ) ) | |

**DECLARATION OF DOUGLAS C. NOBLE AND
§ 329(a) STATEMENT OF COMPENSATION IN SUPPORT OF
APPLICATION TO EMPLOY MCCRANEY, MONTAGNET, QUIN & NOBLE, PLLC
AS BANKRUPTCY COUNSEL**

DOUGLAS C. NOBLE, being first duly sworn, deposes and states as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member in the firm of McCraney, Montagnet, Quin & Noble, PLLC ("**MMQN**") in Ridgeland, Mississippi. I am authorized to make this Declaration. This Declaration is made on my personal knowledge. The following matters are true and correct to the best of my knowledge, information, and belief.

2. I am admitted to practice law in the state of Mississippi, the United States District Courts for the Northern and Southern Districts of Mississippi and the Western District of Tennessee, and the United States Courts of Appeals for the Fifth and Sixth Circuits. I submit this *Declaration* in accordance with 11 U.S.C. § 329 and F.R.B.P. 2014(a) and 2016 and in support of the *Application to Employ McCraney, Montagnet & Quin, PLLC as Bankruptcy Counsel* (the "**Application**") filed by the above-captioned Debtor and Debtor-in-Possession (the "**Debtor**").

3. MMQN maintains offices at 602 Steed Road, Suite 200, Ridgeland, Mississippi 39157.

4. The Debtor has requested that MMQN be retained as its attorneys to provide such services as may become necessary during this reorganization case in the capacity as local counsel for the Debtor. MMQN is willing to and has agreed to serve as its attorneys and to perform the services requested by the Debtor.

5. As the Debtor's attorneys, MMQN expects to represent the Debtor generally in connection with prosecution of this case and to assist the Debtor in the performance of its duties herein by rendering the legal services described in the Application and such other matters as the Debtor may from time-to-time request.

6. MMQN will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Court's local rules, and any applicable orders of the Court. MMQN understands that no compensation will be paid to it by the Debtor for post-petition services or expenses, either from any retainer or otherwise, except pursuant to order of the Court.

7. MMQN intends to seek compensation on an hourly basis for its services rendered, plus reimbursement of actual and necessary expenses in accordance with the firm's retention agreement. My current hourly rate for matters of this nature is $400. Holley Breland will serve as the primary paralegal on this matter, and her current hourly rate is $140. Other attorneys and paralegals of MMQN may from time to time serve the Debtor in connection with professional services as needed and requested at the rates typically applicable to comparable matters. MMQN's hourly rates are subject to periodic adjustments in the normal course of the firm's business to reflect economic and other conditions.

8. The hourly rates set forth above are commensurate with the firm's customary hourly rates for work of this size, nature, and complexity. These rates are set at a level designed

to reflect the reasonable value of services rendered and to compensate MMQN fairly for the work of its attorneys and legal assistants and delays in payment inherent in bankruptcy cases, and to cover fixed and routine non-reimbursable overhead expenses.  It is the firm's policy to charge its clients for disbursements and expenses incurred in the rendition of legal services. These reimbursable disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

9.      Neither I nor MMQN have shared or agreed to share with any other entity any compensation received or to be received for services rendered in connection with the Debtor, except as permitted by the provisions of the Bankruptcy Code and applicable rules.

10.     MMQN has served as attorneys for the Debtor since approximately February 24, 2021, in connection with matters leading up to or in contemplation of the filing of this case. MMQN's representation of the Debtor included serving as counsel to the Debtor and its principals in litigation with Origin Bank, the Debtor's primary secured creditor, in the U.S. District Court for the Southern District of Mississippi, Case No. 3:21-cv-00061-TSL-MTP (the "**District Court Case**"). On May 10, 2021, MMQN terminated its representation of those principals – Stephen H. Whisenant, John A. Williams, Jr., W.J. Blane, Jr., and Mark Boutwell (collectively, the "**Individual Defendants**") – and was permitted to withdraw as their counsel in the District Court Case pursuant to an Agreed Order granting an uncontested motion to withdraw filed with the consent of each of the Individual Defendants.  MMQN remains counsel of record for the Debtor in the District Court Case.

11.     MMQN has previously received compensation in the amount of $12,394.25 for services rendered and expenses incurred in and in connection with the District Court Case, which

amount was paid by Mr. Whisenant and Mr. Williams on behalf of the Debtor. Additionally, in anticipation of the filing of this Chapter 11 case, MMQN received $25,000 from the Debtor in retainer funds. The sources of that retainer were two loans made by Mr. Whisenant and Mr. Williams to the Debtor, respectively, which loans will be more particularly disclosed in the Debtor's Schedules and Statement of Financial Affairs. I addition to the amounts already described above, within one (1) year prior to the petition date, MMQN was paid an additional $5,243.25 from those retainer funds for services rendered and reimbursement of expenses incurred in anticipation of and in connection with effecting the filing of the petition (including pre-payment of filing fees). All such compensation and reimbursement of expenses was billed, paid and applied by MMQN in the ordinary course of business to the payment of reasonable compensation for, and reimbursement of necessary expenses incurred in connection with, pre-petition legal services rendered pre-petition. There were and are no agreements for the payment of additional compensation for such pre-petition services. MMQN still holds the remaining retainer funds in the amount of $19,756.75 in the firm's trust account and will only be disbursed in accordance with orders of the Court for payment of fees in accordance with 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code.

12.    After reviewing the list provided to me by the Debtor of the parties who are or may be secured creditors of the Debtor and the creditors holding the twenty (20) largest unsecured claims, and inquiring about other potential creditors and parties-in-interest, neither I nor MMQN are believed to have a professional or other connection with any of such parties. MMQN has been involved with various professionals in its pre-petition services provided. Such professionals include Origin Bank's attorneys at Phelps Dunbar, LLP (including Sarah Beth Wilson); the Debtor's primary counsel at Stone & Baxter, LLP (including David Bury, Jr., Ward

Stone, Jr., and Thomas Norton); Walter Newman (substitute counsel for the Individual Defendants in the District Court Case); Richard Gaudet at GGG Partners, LLC (the Debtor's pre-petition financial advisor); and various attorneys representing the Debtor in title litigation pending in Mississippi state court (including Dewey Hembree and Russ Rogers).

13.   I believe that MMQN does not hold or represent any interest adverse to the Debtor or its estate and that it and its attorneys are disinterested persons within the meaning of Bankruptcy Code §§ 101(14) and 327(a).  Furthermore, other than those already disclosed herein, neither I nor, to the best of my knowledge, the partners and other attorneys of MMQN have any connections with the Debtor, creditors, any other party in interest or their respective attorneys and accountants, or with the office of the United States trustee, or any person employed in the office of the United States trustee which are prohibited, which would interfere with or hinder the performance of our duties herein, which need to be further described herein, or which would prevent employment of us by the Debtor.

In accordance with 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.

THIS the 12th ~~11th~~ day of May, 2021.

_____
Douglas C. Noble

5